Dr. Steven Leon **GATES**, D.O. and/or Dr. Steven Leon Gates, D.O., P.A., Appellant,

v.

Jack Thomas **ALTARAS**, Appellee.

No. 10–09–00236CV.

Court of Appeals of Texas, Waco.

April 14, 2010.

David M. Walsh IV and William H. Chamblee, Chamblee & Ryan PC, Dallas, TX, for Appellant.

W. Kelly Puls, Attorney at Law, Jeff Kobs, Kobs Haney & Hundley LLP, Ft. Worth, TX, for Appellee.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

## ORDER

TOM GRAY, Chief Justice.

Jack Thomas Altaras sued Dr. Steven Leon Gates, D.O. and/or Dr. Steven Leon Gates, D.O., P.A. for negligence. Altaras presented an expert report in the form of an affidavit from Dr. Bernard A. McGowen. Gates filed objections to the report and a motion to dismiss. Both were denied and Gates appealed. *See* 10–08–00239–CV. A few weeks prior to oral argument in the appeal, Gates and Altaras reached an agreement that Altaras would submit a supplemental report within 45 days and Gates would dismiss his appeal. After the supplemental report was presented, Gates again filed, in one document, objections and a motion to dismiss. The trial court again denied relief, and Gates appealed. On appeal, this Court held that the trial court erred in finding the expert report to be sufficient and reversed and remanded the case for further proceedings.

On appeal, Gates argued in his third issue that the expert affidavit failed to mention the professional association, Gates, P.A. Gates further argued that because of this failure, no expert report was filed as to Gates, P.A. and no extension to cure deficiencies in the report was permitted. Altaras argued in response that because his claims were based solely on the actions of Gates and no direct liability claims were asserted against Gates, P.A.,

the affidavit was not required to mention the professional association by name.

In our opinion, we determined that because the expert affidavit was deficient as to Gates, it was deficient as to Gates, P.A. as well. We also held that we did not need to determine whether the affidavit was the equivalent of no report as to Gates, P.A.

In a motion for rehearing, Gates asks that we dismiss the claims against Gates, P.A. because the expert affidavit did not address any conduct of Gates, P.A. and is thus no report as to Gates, P.A. We decline to dismiss the claims for two reasons. First, Altaras argued in response to Gates's argument that no direct liability claims were asserted against Gates, P.A., and thus, no mention of the professional association in the expert affidavit was necessary. Second, Gates never made this "no report" argument to the trial court. We decline to address an argument of this nature raised for the first time on appeal. *See* Tex.R.App. P. 33.1.

Accordingly, Gates's motion for rehearing is denied.